IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE CITY DIVISION
1:11cv284

| | |
|---|---|
| ANITA K. WAUGH, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security, )<br>)<br>    Defendant. )<br>_____ ) | MEMORANDUM AND<br>RECOMMENDATION |

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for social security disability benefits. This case came before the Court on the administrative record and the parties' Motions for Summary Judgment [# 12 & # 14]. The Court **RECOMMENDS** that the District Court **GRANT** the Plaintiff's Motion for Summary Judgment [# 12], **DENY** the Commissioner's Motion for Summary Judgment [# 14] and **REMAND** the Commissioner's decision.

    **I.**    **Procedural History**

Plaintiff filed an application for disability benefits and an application for supplemental benefits on May 2, 2008. (Transcript of Administrative Record

("T.") 16.) Plaintiff alleged that she became disabled beginning May 27, 2007. (T. 16, 177.) The Social Security Administration denied Plaintiff's claim, finding that she was not disabled. (T. 71-74.) Plaintiff requested reconsideration of the decision, which was also denied. (T. 77-78.) A disability hearing, as well as a supplemental hearing, was then held before an Administrative Law Judge ("ALJ"). (T. 29-68.) The ALJ then issued a decision finding that Plaintiff was not disabled. (T. 16-22.) Subsequently, the Appeals Council denied Plaintiff's request for review of the decision. (T. 1-3.) Plaintiff then timely brought this action seeking review of the Commissioner's decision.

## II. Standard for Determining Disability

An individual is disabled for purposes of receiving disability payments if she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A); see also Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). Under this inquiry, the Commissioner must consider in sequence: (1) whether a claimant is gainfully employed; (2) whether a claimant has a severe

impairment that significantly limits her ability to perform basic work-related functions; (3) whether the claimant's impairment meets or exceeds the listing of impairments contained in Appendix I of 20 C.F.R. Part 404, subpart P; (4) whether the claimant can perform her past relevant work; (5) whether the claimant is able to perform any other work considering her age, education, and residual functional capacity. Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 654 n.1; 20 C.F.R. § 404.1520. If at any stage of the inquiry, the Commissioner determines that the claimant is or is not disabled, the inquiry is halted. 20 C.F.R. §§ 404.1520(a) and 416.920(a).

### III. The ALJ's Decision

In his June 29, 2010, decision the ALJ found that Plaintiff was not disabled under Sections 216(i) and 223(d) of the Social Security Act. (T. 22.) The ALJ made the following specific findings:

(1) The claimant meets the insured status requirements of the Social Security Act through December 31, 2012.

(2) The claimant has not engaged in substantial gainful activity since May 27, 2007, the alleged onset date (20 CFR § 404.1571 *et seq.*).

(3) The claimant has the following severe impairments: disorder of the back and knees (20 CFR 404.1520(c)).

(4) The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed

> impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).
>
> (5) After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) with the limitation set forth by Dr. Blickenstaff.
>
> (6) The claimant is capable of performing past relevant work as a truck stop manager. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).
>
> (7) The claimant has not been under a disability, as defined in the Social Security Act, from July 15, 2009, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(T.18-22.)

## VI. Standard of Review

Section 405(g) of Title 42 provides that a plaintiff may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review, however, is limited. The Court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks omitted). It is more than a scintilla but less than a preponderance

of evidence. Id. When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that she is not disabled is supported by substantial evidence in the record, and whether the ALJ reached his decision based on the correct application of the law. Id.

V. Analysis[1]

A. **The ALJ Erred at Step Two by not Finding that Plaintiff's Fibromyalgia was a Severe Impairment**

At step two of the five step evaluation process, the ALJ found that Plaintiff had the following severe impairments: disorder of the back and knees (T. 18.) Plaintiff contends that the ALJ erred by not considering her fibromyalgia as an additional severe impairment. (Pl.'s Mot. Summ. J. at 10-13.)

The ALJ's determination as to whether an impairment is severe or not is a threshold determination. See 20 C.F.R. § 404.1520(c). An impairment is not severe "only if it is a *slight abnormality* which has such a *minimal* effect on the individual that it would not be expected to interfere with the individual's ability to

---

[1] Rather than separately set forth the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

work, irrespective of age, education, or work experience." Evans v. Heckler, 734 F.2d 1012, 1014 (4th Cir. 1984) (internal citation and quotation omitted) (emphasis in original); see also Albright v. Comm'r of Soc. Sec. Admin., 174 F.3d 473, 474 n.1 (4th Cir. 1999); 20 C.F.R. § 404.1521(a) ("An impairment . . . is not severe if it does not significantly limit your physical or mental ability to do basic work activities."). This is not a difficult standard for a claimant to satisfy. See Albright, 174 F.3d at 474 n.1; see also Stemple v. Astrue, 475 F. Supp. 2d 527, 536-37 (D. Md. 2007) ("The severity standard is a slight one in this circuit . . . ."). The record in this case does not support a finding that Plaintiff's fibromyalgia had such a minimal effect on Plaintiff that it would not be expected to interfere with her ability to do basic work actives. See Evans, 734 F.2d at 1014-15; 20 C.F.R. § 404.1521(a). At the hearing, Plaintiff testified that she had fibromyalgia that caused pain from her hips to her feet. (T. 60.) She also testified that this pain interfered with her ability to sit and stand. (T. 60-1.) This is consistent with the medical records, which reflect a diagnosis of fibromyalgia, regular treatment by a rheumatologist, and complaints of pain by Plaintiff to her treating physician. (See e.g., T. 226-239, 326.) Plaintiff was prescribed medications for fibromyalgia and the associated pain and symptoms she reported to her physician. (T. 185, 209, 226, 228-39.) Here, the medical records reflect that Plaintiff's fibromyalgia is more

than a slight impairment and would significantly limit Plaintiff's ability to work.

In finding at step two that the only severe impairments suffered by Plaintiff were disorder of the back and knees, the ALJ relied exclusively on the testimony of Dr. Theron Blickenstaff, who testified as a medical expert. (T. 18-20.) Dr. Blickenstaff, however, did not testify that Plaintiff's fibromyalgia was not severe, that she did not suffer from fibromyalgia, or that Plaintiff's fibromyalgia did not significantly limit Plaintiff's physical or mental ability to do basic work activities. Instead, Dr. Blickenstaff stated that fibromyalgia is a condition that cannot be assessed by objective measures and that determining the extent and scope of Plaintiff's fibromyalgia would depend upon a credibility determination - i.e., did the ALJ believe Plaintiff's subjective reports of symptoms and pain related to her diagnosis of fibromyalgia. (T. 34, 36-37.) Dr. Blickenstaff left this determination to the ALJ and made no finding as to whether Plaintiff's fibromyalgia was severe or not. (T. 34-37.) Thus, the ALJ could not rely only on the opinion of Dr. Blickenstaff in reaching his determination that Plaintiff's fibromyalgia was not a severe impairment. The ALJ, therefore, erred by failing to find that Plaintiff's fibromyalgia was a severe impairment at step two.

Provided that the claimant has at least one severe impairment, the ALJ must also consider the combined effect of all of the claimant's impairments, irrespective

of whether they are severe, in determining the claimant's residual functional capacity. 20 C.F.R. § 404.1545(e); Walker v. Bowen, 889 F.2d 47, 49 (4th Cir. 1989). The Fourth Circuit has never addressed whether the failure to classify an impairment as severe, in and of itself, warrants remand. Several courts have held that because the ALJ must consider both severe and non-severe impairments in determining a claimant's residual functional capacity, an ALJ's failure to characterize an impairment as severe does not require remand, provided the ALJ considers all of the claimant's impairments, including the non-severe impairments, at the later steps. See e.g., Pompa v. Comm'r of Soc. Sec., 73 F. App'x 801, 803 (6th Cir. 2003) (unpublished); Swanson v. Astrue, No. 2:10cv217, 2011 WL 2582617, at *8 (D. Vt. Jun. 29, 2011) (collecting cases); Jones v. Astrue, No. 1:10cv185, 2012 WL 1085658 (N.D. W. Va. Mar. 30, 2012.) . In short, Pompa found that the error at step two is harmless if the ALJ discusses all of the impairments and any limitations posed by them in his or her later analysis. 73 F. App'x at 803; see also Garrison v. Astrue, No. 2:10cv619, 2011 WL 1337257, at *10 (S.D. Ohio Mar. 1, 2011). Other courts, however, have remanded for failure to consider an impairment at step two of the analysis, finding that such a failure is clear error and flaws the remaining steps of the sequential analysis. See e.g., Hair v. Astrue, No. 5:10cv309, 2011 WL 2681537, at *6-7 (E.D.N.C. Jun. 16, 2011)

("The impropriety of the ALJ's analysis of plaintiff's impairments at steps two and three necessarily invalidates the ALJ's RFC determination."); Hernandez v. Astrue, No. CA 09-428 ML, 2010 WL 4117186, at *8 (D.R.I. Sept. 28, 2010); Fraley v. Astrue, No. 5:07cv141, 2009 WL 577261 (N.D. W. Va. Mar. 5, 2009).

Based on the specific facts of this case, the Court cannot find that any error at step two by the ALJ in failing to find that Plaintiff's fibromyalgia was a severe impairment was harmless. Unlike the cases in this Circuit finding that an error at step two is harmless because the ALJ specifically addressed the impairment at a later step, it is unclear whether the ALJ considered Plaintiff's fibromyalgia at any subsequent step of his analysis. The ALJ made no reference to fibromyalgia or Plaintiff's related symptoms in assessing Plaintiff's residual functional capacity. Because it is not the role of this Court to re-weigh the evidence, remand is necessary in this case for the ALJ to specifically address Plaintiff's fibromyalgia. Accordingly, the Court **RECOMMENDS** that the District Court **REMAND** the decision.

> **B.    The ALJ's Credibility Assessment is not Supported by Substantial Evidence in the Record**

As an initial matter, the Court recognizes that it is not the role of this Court to determine whether Plaintiff's testimony was fully credible. Craig, 76 F.3d at 589. Rather, the question for the Court is whether the ALJ applied the proper legal

standard in assessing Plaintiff's credibility and whether the ALJ's decision is supported by substantial evidence. Id.

In assessing a claimant's statement of pain and other symptoms, the ALJ applies a two part process. Id. at 594; Hines, 453 F.3d at 565. First, the ALJ must assess whether there is a medically determinable physical impairment that could reasonably be expected to produce claimant's symptoms. 20 C.F.R. §404.1529(c)(1); Craig, 76 F.3d at 595; Hines, 453 F.3d at 565. If the ALJ finds that a claimant suffers such an impairment and that it could reasonably be expected to produce the symptoms or pain of which claimant complains, the ALJ proceeds to step two. 20 C.F.R. § 404.1529(c)(1); Aytch v. Astrue, 686 F. Supp. 2d 590, 604 (E.D.N.C. 2010).

At the second step, the ALJ must evaluate the intensity and persistence of the pain, as well as the extent to which the claimant's symptoms and pain impact his or her ability to work. 20 C.F.R. § 404.1529(c)(1); Craig, 76 F.3d at 595. "This evaluation requires the ALJ to determine the degree to which the claimant's statements regarding symptoms and their functional effects can be believed and accepted as true; thus the ALJ must consider conflicts between the claimant's statements and the rest of the evidence." Aytch, 686 F. Supp. 2d at 604. This evaluation takes into account all of the available evidence, including the claimant's

medical history, the medical signs and laboratory findings, other objective medical evidence, and testimony or statements from claimant, physicians, or others regarding the pain and symptoms. 20 C.F.R. § 404.1529(c)(1) & (2); Craig, 76 F.3d at 595. In addition to the objective medical evidence, the ALJ considers: (1) the daily activities of claimant; (2) the location, duration, frequency, and intensity of the claimant's pain and symptoms; (3) factors that predicate or aggravate the claimant's pain and symptoms; (4) the type, dosage, effectiveness, and side effects of any medication claimant takes in order to alleviate the pain or symptoms; (5) any treatment other than medication that claimant received to alleviate the pain or symptoms; (6) any additional measure that claimant used to relieve the pain or symptoms; (7) any other factors concerning claimant's functional imitations and restrictions resulting from the pain or symptoms. 20 C.F.R. § 404.1529(c)(3); see also Aytch, 686 F. Supp. 2d at 605; Bracey v. Astrue, No. 5:07cv265, 2009 WL 86572, at *15 (E.D.N.C. Jan. 6, 2009).

The ALJ's credibility determination must constitute more than a conclusory statement that the claimant's allegations are not credible. SSR 96-7p, 1996 WL 374186 (Jul. 2, 1996). The decision must contain specific reasons for the finding and must "be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements

and the reasons for that weight." Id.; see also Bracey, 2009 WL 86572, at *15 ("In assessing credibility, the ALJ must consider the entire case record, provide specific reasons for the credibility finding and ensure the weight accorded (and reasoning for said weight) to the claimant's statements is evident to the claimant and the subsequent reviewers.").

Here, the ALJ failed to properly analyze Plaintiff's complaints of pain. The ALJ did not consider the entire case record, did not review all the medical evidence in the case, did not summarize the Plaintiff's medical records as to each impairment, and did not even set forth the specific subjective complaints of pain that the ALJ was finding not credible. Rather, the ALJ determined in conclusory fashion that Plaintiff's symptoms (which were not even set forth in the decision) were inconsistent with Plaintiff's daily activities. (T. 20.) The entirety of this analysis, however, is essentially one sentence. (T. 20.) Moreover, it is not even clear to the Court whether the ALJ considered all of Plaintiff's complaints of pain as the decision largely fails to set forth the specific symptoms and pain of which Plaintiff complains. For example, the Court cannot determine from the decision whether the ALJ considered Plaintiff's complaints of pain and symptoms stemming from her fibromyalgia. The decision fails to set forth its findings with sufficient detail to make it clear to this Court the weight the ALJ gave to the

Plaintiff's statements and the reasons for that weight. See SSR 96-7p, 1996 WL 374186. This is not to say that the ALJ may not reach the same conclusion regarding Plaintiff's alleged disability on remand. The decision, however, must address Plaintiff's fibromyalgia and set forth in a less conclusory manner the specific findings as to whether Plaintiff's complaints of pain and symptoms are credible so that this Court can conduct meaningful review of the ALJ's decision. Accordingly, the Court **RECOMMENDS** that the District Court **REMAND** the decision.

    **C.    The ALJ Failed to Consider all the Medical Evidence in the Record**

In making his determination, the ALJ relied almost exclusively on the testimony of Dr. Blickenstaff. In fact, the vast majority of the substantive analysis contained in the ALJ's decision is simply a summary of the testimony of Dr. Blickenstaff. There is no recitation of the medical evidence or independent analysis of the issues. As the Fourth Circuit has explained:

> This Court has said that the testimony of a non-examining, non-treating physician should be discounted and is not substantial evidence when totally contradicted by other evidence in the record. Martin v. Secretary, 492 F.2d 905 (4th Cir. 1974); accord Hall v. Harris, 658 F.2d 260, 266 (4th Cir. 1981). However, we have also ruled that the testimony of a non-examining physician can be relied upon when it is consistent with the record. Kyle v. Cohen, 449 F.2d 489, 492 (4th Cir. 1971).

Gordon v. Schweiker, 725 F.2d 231, 235 (4th Cir. 1984). This Court is unable to determine whether the ALJ's findings are supported by substantial evidence in the record because the ALJ failed to indicate the weight given to the medical evidence in the record, as well as the other relevant evidence. See id. at 235-6. An ALJ must do more than simply adopt the finding of a medical expert who reviewed the medical evidence and then recite the testimony of the medical expert in the opinion. In fact, if does not even appear that the ALJ considered all the relevant evidence in this case. Although this Court is certainly mindful of the huge volume of social security cases, the ALJ must conduct a sufficient review of all the evidence in the record and draft a decision setting forth the medical evidence and the rationale for the decision in a manner that allows this Court to conduct a meaningful review of the decision. Otherwise, this Court would simply be reviewing all the medical evidence in the record de novo. Accordingly, the Court **RECOMMENDS** that the District Court remand this case with instructions for the ALJ to consider all the relevant medical evidence and indicate explicitly the weight accorded to the medical reports and medical evidence in the record.

VI. **Conclusion**

The Court **RECOMMENDS** that the District Court **GRANT** the Plaintiff's Motion for Summary Judgment [# 12], **DENY** the Commissioner's Motion for

Summary Judgment [# 14] and **REMAND** the Commissioner's decision consistent with this Memorandum and Recommendation.

Signed: November 26, 2012

Dennis L. Howell
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).